IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERMA-LINER INDUSTRIES, INC. | : | CIVIL ACTION |
| | : | NO. 07-3657 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| U.S. SEWER & DRAIN, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**JOEL H. SLOMSKY, J.**                                             **December 31, 2008**

Presently before the Court are (1) a Motion to Dismiss and Motion for a More Definite Statement (Docket No. 77) filed by Defendants Global Pipeline Systems, Inc. ("Global") and Timothy Hawkins ("Hawkins") and (2) a Motion to Dismiss, Motion to Strike, and Motion for a More Definite Statement (Docket No. 69) filed by Defendants U.S. Sewer and Drain, Inc. ("USSD") and Jeremy Bowman ("Bowman").[1]  For the reasons set forth below, the Motions will be granted in part and denied in part.

**I.      Facts[2]**

Plaintiff Perma-Liner Industries Inc., a Delaware corporation with its principal place of business in Florida, manufactures a line of products used for the repair of various types of sewer

---

[1] Both Motions to dismiss raise several identical and/or similar arguments.  Additionally, Plaintiff alleges throughout the Amended Complaint that all Defendants acted in concert to commit several of the acts alleged.  Accordingly, because both Motions arise from the same set of allegations and raise several identical arguments, the Court will address both Motions in this Memorandum and Order.

[2] The facts presented herein are taken only from the Amended Complaint and are viewed in the light most favorable to the Plaintiff.

lines.  Plaintiff sells these products to customers both directly and through a global network of contract installers and marketing agents.

### A.    Defendants USSD and Bowman

On or about April 11, 2003, Plaintiff and Defendant USSD, acting by and through Defendant USSD's President, Defendant Bowman, entered into a Product Installer Agreement (the "Installer Agreement") granting Defendant USSD the exclusive right to sell and install Plaintiff's products in certain counties in Pennsylvania for five years.  In order to protect the investment made in developing customer relationships and training installers, Plaintiff requires installers to agree to certain restrictive covenants.  In the Installer Agreement, Defendant USSD specifically covenanted for three years:

> to keep in strict confidence and not to disclose to any third party any confidential or proprietary information constituting trade secrets concerning the business of Perma-Liner or the products, systems, formulations installation, training, and marketing which USSD may receive while the agreement remains in force . . . .  USSD agrees not to obtain, sell, manufacture, train, install, or copy any trade secrets, marketing programs, equipment, supplies, materials, advertising, trademarks, names, formulas, and technology provided and/or sold by Perma-Liner Industries, Inc. . . .

Exhibit 2 of the Amended Complaint at ¶ 10.

From April 2003 through May 2005, Defendant USSD ordered a significant amount of products from Plaintiff.  In May 2005, however, Defendant USSD stopped ordering Plaintiff's products.  Instead, Plaintiff alleges that Defendant USSD began selling and installing inferior non-Plaintiff products while misrepresenting to Plaintiff's customers that the products sold and installed were those of Plaintiff.

### B.     Defendant Hawkins

Defendant Hawkins was employed by Perma-Liner as a marketing manager beginning in March 2002.   During this time, Defendant Hawkins had access to Plaintiff's confidential and proprietary information related to customers and installers.   During the course of his employment with Plaintiff, Defendant Hawkins executed a "Covenant Not to Compete" (the "Hawkins Agreement") which contained confidentiality and non-compete provisions.   Defendant Hawkins agreed not to, during or after the term of his employment, "disclose the list of [Plaintiff's] customers or any part thereof to any person, firm, corporation, association, or other entity for any reason or purpose whatsoever."  Exhibit 3 of the Amended Complaint at ¶ 3.   In addition, Defendant Hawkins agreed, for a period of one year[3] following termination of his employment with Plaintiff, not to (1) solicit customers he contacted or learned of during his employment or (2) otherwise compete with Plaintiff in the State of Florida or any other area in which he engaged in business.  Exhibit 3 of the Amended Complaint at ¶ ¶ 4, 5.   The Hawkins Agreement provides that it "shall be construed in accordance with the laws of the State of Florida."  Exhibit 3 of the Amended Complaint at  ¶ 9.

Defendant Hawkins left his position in June 2004 and began working as a salesman for a competitor of Plaintiff in Northern Virginia.   Acting on behalf of his new employer, Defendant

---

[3]The Court notes that there are two different "Covenant Not to Compete" agreements signed by Defendant Hawkins in the record.  In the Hawkins Agreement, attached to the Amended Complaint, with the date of April 3, 2001, the employer is noted as "Perma-Liner Industries Inc." Moreover, paragraphs 4 (Solicitation of Customers) and 5 (Restrictive Covenants) provide for restrictive covenants with the time limits of "one (2) year" [sic].  Another agreement, attached as Ex. B to the Motion to Dismiss filed by Defendants Hawkins and Global, also dated April 3, 2001, lists the employer as "Fiberglass Coatings, Inc." Paragraphs 4 and 5 of this agreement contain a one year period for the non-solicitation and non-compete covenants.  No party has addressed this dichotomy despite extensive discovery.  For purposes of the instant Motion to Dismiss only, the Court relies on the agreement attached to the Amended Complaint as Exhibit 3 and will apply a one year time limit to the non-solicitation and non-compete covenants.

Hawkins began soliciting Plaintiff's installer and customer base.

### C.   Defendant Global

In May 2005, Defendant Hawkins and Defendant USSD (through Defendant Bowman) joined efforts and formed Defendant Global, a Delaware corporation with its principal place of business in Pennsylvania. Defendant Global's business competes with Plaintiff's business. Plaintiff alleges that Defendants Bowman and Hawkins used joint confidential information, gained and accessed by them during their employment with Plaintiff, to solicit Plaintiff's installer and customer base on behalf of Defendant Global. Defendants were successful in their efforts and converted several of Plaintiff's former customers, including a substantial customer in Louisville, Kentucky.

The Amended Complaint further alleges that Defendants attempted to convert Plaintiff's customers and dismantle Plaintiff's business through the following improper and unethical means:

1.   At trade shows and expositions, Defendants posted notices and distributed handbills falsely implicating Plaintiff in unlawful trade practices;

2.   In July 2007, several of Plaintiff's customers received a fax, on what purported to be Plaintiff's letterhead, falsely stating that Plaintiff's business was in bankruptcy. The only customers who received the fax were customers of Plaintiff at the time of Defendant Hawkin's employment. No new customers received the fax.

3.   Defendants have told prospective customers that Plaintiff's business was "going under."

4.   Defendant Bowman has diverted business from his franchised Mr. Rooter plumbing business, in violation of state laws, to USSD to avoid franchise fees due to the Mr. Rooter franchisor. This enables Defendants to offer products, competitive with those of Plaintiff, at a lower cost.

5.   Defendant Global has, without authorization from Plaintiff, copied an identical version of Plaintiff's promotional video, Perma-Liner Promotion Video # 1, designed at a high cost to Plaintiff and used by Plaintiff to market its products. Plaintiff has exclusive rights to this video which is indicated by a tag line at the bottom of the screen. Defendant Global's version of this video has a black bar over the area

4

blocking Plaintiff's tag line.

Plaintiff, in the Amended Complaint, alleges it has lost and will continue to lose profits and revenue as a result of Defendants' efforts to convert Plaintiff's installers and customers to the use of Defendant Global's products and services.  Moreover, Plaintiff asserts damages arising from Defendants' unauthorized use of its licensed promotional video and trademarks.

## II.     Procedural History

On August 31, 2007, Plaintiff filed a Complaint against Defendants USSD, Bowman and Hawkins.  On March 24, 2008, Plaintiff filed an Amended Complaint naming Global as a Defendant. The Amended Complaint alleges ten counts, with each count naming as a defendant some or all of the four Defendants.

### A.     Defendant USSD

Against Defendant USSD, Plaintiff makes the following claims: Count I for breach of contract;  Count II for violation of Pennsylvania's Uniform Trade Secrets Act;  Count III for tortious interference with prospective and contractual relationships;  Count IV for libel and slander;  Count V for Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114;  Count VI for False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)(1)(A);  Count VII for common law trademark infringement;  Count VIII for common law unfair competition;  and Count IX for trademark infringement under Pennsylvania's Trademark Act, 54 Pa.C.S.A. § 1123.

In its Motion, Defendant USSD requests this Court to:   (1) Dismiss Count IX of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);  (2) Strike Paragraph 41 of the Amended Complaint pursuant to Rule 12(f);  and (3) order a More Definite Statement under Rule 12(e).

5

**B.    Defendant Bowman**

Against Defendant Bowman, Plaintiff makes the following claims:  Count II for a violation of Pennsylvania's Uniform Trade Secrets Act;  Count III for tortious interference with prospective and contractual relationships; Count IV for libel and slander; Count V for Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114;  Count VI for False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)(1)(A);   Count VII for common law trademark infringement; Count VIII for common law unfair competition; Count IX for trademark infringement under Pennsylvania's Trademark Act, 54 Pa.C.S.A. § 1123;  and Count X for Federal Copyright Infringement, 17 U.S.C. § 501.

Defendant Bowman joins in Defendant USSD's Motion to Dismiss Count IX, Strike Paragraph 41, and for a More Definite Statement.

**C.    Defendant Hawkins**

Plaintiff has named Defendant Hawkins in all ten counts of the Amended Complaint.

Defendant Hawkins filed a Motion to Dismiss for failure to state a claim as to Count I for breach of contract, Count III for tortious interference, Count IV for slander and libel, and Count IX for trademark infringement under Pennsylvania's Trademark Act.  Defendant Hawkins also has filed a Motion for a More Definite Statement pursuant to Rule 12(e).

**D.    Defendant Global**

Plaintiff has asserted against Defendant Global the following claims:  Count II for violation of Pennsylvania's Uniform Trade Secrets Act;  Count III for tortious interference with prospective and contractual relationships;  Count IV for libel and slander;  Count VI for False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)(1)(A);  Count VIII for common law unfair

competition;  and Count X for Federal Copyright Infringement, 17 U.S.C. § 501.

Defendant Global joins in Defendant Hawkins' Motions to Dismiss Count III for tortious interference and Count IV for libel and slander.  Defendant Global also joins in all Defendants' Motion for a More Definite Statement.

**I       Discussion**

      **A.       Motion to Dismiss**

           **1.       Standard**

Defendants have moved to dismiss several counts of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  In deciding a motion to dismiss pursuant to Rule12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted) (reasoning that this statement of Rule 12(b)(6) standard remains acceptable following U.S. Supreme Court's decision in Bell Atlantic Corporation v. Twombley, 550 U.S. 544 (2007)).  To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234.  This standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id.  However, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Hunt v. United States Tobacco Co., 538 F.3d 217, 227 (3d Cir. 2008) (internal quotation omitted).

           **2.       Count I: Breach of Contract by Defendants USSD and Hawkins**

First, Defendant Hawkins asserts that Count I of the Amended Complaint for breach of contract must be dismissed for failure to state a claim.  The Court disagrees.

### a.    Choice of Law Provision

As a preliminary matter, this Court must determine whether the choice of law provision contained in the Hawkins Agreement, selecting Florida law, is enforceable.[4]  In general, a federal court, sitting in diversity or with supplemental jurisdiction over a common law claim, must apply the choice of law rules of the forum state.  See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 497 (1941); Berg Chilling Systems, Inc. v. Hull Corp., 435 F.3d 455, 462 (3d Cir. 2006). Accordingly, the Court will apply Pennsylvania choice of law rules to this dispute.

Pennsylvania courts "generally honor the intent of the contracting parties and enforce choice of law provisions executed by them." Kruzits v. Okuma Mach. Tool, Inc. 40 F.3d 52, 55-56 (3d Cir. 1994).  Under Section 187(2) of the Restatement (Second) of Conflict of Laws, adopted by Pennsylvania courts, the law of the state selected by the parties in an agreement will govern, unless:

> (a) the chosen state has no substantial relationship to the parties or the transactions and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties.

Itermetro Indus. Corp. v. Kent, No. 3:cv-07-0075, 2007 U.S. Dist. LEXIS 10559, at *6-7 (E.D. Pa. February 12, 2007).

---

[4] The parties appear to be in agreement that Pennsylvania law governs this action with the exception of the breach of contract claim against Defendant Hawkins.

A review of the facts alleged in the Amended Complaint does not reveal the presence of either exception (a) or (b) of Section 187(2).  First, Florida has a substantial relationship to this matter since it is the location where Plaintiff maintains its principal place of business.  See id. at *7 (enforcing choice of law provision selecting Pennsylvania law as controlling because plaintiff was headquartered in Pennsylvania and maintained its principal place of business there); Select Medical Corp. v. Hardaway, No. cv-05-3341, 2006 U.S. Dist. LEXIS 15326, at *5-8 (E.D. Pa. March 30, 2006) (applying Pennsylvania law pursuant to parties' choice of law provision because plaintiff corporation had its principal place of business in Commonwealth and thus substantial relationship existed despite employee performing his employment duties in Texas).

Second, a review of Pennsylvania law demonstrates that application of Florida law would not be contrary to a fundamental policy of Pennsylvania.  Indeed, both Pennsylvania and Florida have a policy to enforce reasonable covenants not to compete.  Compare John G. Bryant Co., Inc. v. Sling Testing & Repair, Inc., 369 A.2d 1164, 1168 (Pa. 1977) with Fla. Stat. Ann. § 542.335(1) (West 2008).  The only conflicting policy Defendant Hawkins asserts is that Pennsylvania, unlike Florida, does not recognize the continuation of at-will employment as sufficient consideration in support of a contract. This policy difference is not fundamental, however, as "issues of contract law, such as the existence of consideration, do not necessarily implicate strong public policy." Intermetro, 2007 U.S. Dist. LEXIS 10559, at *10 ("this court will not override the parties' choice of law simply because Texas and Pennsylvania courts differ on whether an at-will employment offer is sufficient consideration.")  Accordingly, Defendant Hawkins raises no policy that is fundamental to Pennsylvania, or even one that would be offended by application of Florida law to Plaintiff's breach of contract claim.  Therefore, the Restatement's exception (b) is not implicated and the choice

of law provision is enforceable.  Florida law shall govern Count I of the Amended Complaint alleging the breach of contract claim.[5]

### b.    Breach of Contract Claim

Defendant Hawkins raises two arguments in seeking dismissal of Plaintiff's breach of contract claim.  First, under Pennsylvania law, Defendant Hawkins argues that because the agreement was signed after the commencement of employment, it is not supported by valid consideration.  As discussed above, the parties agreement that all disputes arising under their contract would be governed by Florida law is enforceable.  Consequently, Defendant Hawkins' reliance on Pennsylvania case law to support this argument is misplaced because Florida law applies.  Florida courts have "routinely enforced" non-compete and confidentiality agreements "even where an employee has been requested to execute such agreements after commencement of employment." Open Magnetic Imaging, Inc. v. Myrta Nieves-Garcia, 826 So. 2d 415, 417-18 (Fla. Cir. Ct. 2002). Consequently, Defendant Hawkins' first argument fails.

Second, Defendant Hawkins argues that because the one year limitation prescribed in the Hawkins Agreement expired shortly after Defendant Global was formed–and before it took any board action–Defendant Hawkins did not breach the Hawkins Agreement.  The Court disagrees.  The Amended Complaint sufficiently alleges that Defendant Hawkins may have taken actions in breach of the one year non-compete contained in the Hawkins' Agreement.  The Amended Complaint alleges that Defendant Hawkins left Plaintiff in June 2004 and began working for a competitor soon

---

[5]   In the Installer Agreement, Defendant USSD and Plaintiff agreed to an almost identical choice of law provision selecting Florida law.  Accordingly, Florida law shall govern the breach of contract claims made against both Defendants in Count I of the Amended Complaint.

thereafter in breach of the Hawkins Agreement.  Moreover, by Defendant Hawkin's own admission, Defendant Global was formed in May 2005.  While no board action was taken by Defendant Global until July 2005, construing the Amended Complaint liberally, it is reasonable to conclude that Defendant Hawkins was taking action to form and implement Defendant Global and its business in breach of the Hawkins Agreement before this time.

In addition, the Amended Complaint alleges that Defendant Hawkins violated the confidentiality provision contained in the Hawkins Agreement.  By the plain terms of the Hawkins Agreement, the confidentiality provision is not subject to the one year time limit which governs the non-compete.  See Exhibit 3 of the Amended Complaint at ¶ 3.  Defendant Hawkins argument that the Hawkins Agreement expired before he took any action in violation thereof is inapplicable to the extent Plaintiff claims Defendant Hawkins breached the confidentiality provision.

Accordingly, at this stage of the case, Plaintiff has alleged facts sufficient to establish that Defendant Hawkins breached his employment contract.

### 3.      Count III: Tortious Interference with a Prospective Contractual Relation

Defendants Global and Hawkins next assert that Plaintiff has failed to state a claim for tortious interference with an actual or prospective contractual relationship.

An action for tortious interference with an actual or prospective contractual relationship requires a showing of: (1) an actual or prospective contractual relation; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damages resulting from the defendant's conduct.  See Thompson Coal Company v. Pike Coal Company, 412 A.2d 466, 470-

71 (Pa. 1979).  In order to establish a prospective contractual relation, a plaintiff must demonstrate that but for the wrongful acts of the defendant, it is "reasonably probable" that the plaintiff would have effected the sale to the third party.  See id. at 417 ("We are not here dealing with certainties but with reasonable likelihood or probability.  This must be something more than a mere hope or the innate optimism of a salesman.")

Defendants argue that Plaintiff has failed to plead facts which establish any of the necessary elements of a tortious interference claim.  A review of the allegations in the Amended Complaint, however, illustrates that Plaintiff has alleged sufficient facts to support its tortious interference claim. First, the Amended Complaint adequately alleges both actual and prospective contractual relationships.  Plaintiff's installers were bound by contract and thus Plaintiff has adequately alleged an actual contractual relationship.  Moreover, the Amended Complaint contains allegations which illustrate that Plaintiff had a prospective contractual relationship with several of its customers. Specifically, Plaintiff alleges that a substantial customer, located in Kentucky, began ordering products from Defendant Global, with resulting damages to Plaintiff.  Such allegations could establish a reasonable expectation that but for the Defendants' actions, Plaintiff would have retained the business of this prominent customer.

Second, the Amended Complaint advances facts which suggest that Defendants targeted Plaintiff's customers and installers with the intent to harm Plaintiff.  The Amended Complaint alleges that Defendants sent misleading faxes to customers purporting to be from Plaintiff that stated Plaintiff was in bankruptcy.  Defendants also allegedly distributed handbills at trade shows implicating Plaintiff in unlawful trade practices.  It is evident that such actions would be for the purpose of gaining a competitive edge over Plaintiff and preventing Plaintiff's potential business

12

relationships to prosper.

Third, no facts are alleged that Defendants were justified or privileged to pursue the actions taken.

Finally, the Amended Complaint, in several places, including the reference to sales lost to the customer in Kentucky, contains allegations that Plaintiff has lost and will continue to lose business as a result of Defendants' contacts with Plaintiff's customers.  Accordingly, Plaintiff has alleged facts sufficient to survive Defendants' Motion to Dismiss.  See Cornell Cos. v. Borough of New Morgan, 512 F. Supp. 2d 238, 270-71 (E.D.Pa. 2007) (denying defendant's motion to dismiss tortious interference with prospective relationship claim because complaint was sufficient to allow plaintiff to conduct discovery to test merits of claim).

### 4. Count IV: Defamation

Defendants Hawkins and Global next assert that the Amended Complaint lacks sufficient facts demonstrating that they published the alleged defamatory statements sent via facsimile to Plaintiff's customers.  Defendants argue that by only alleging "upon information and belief" that Defendants sent the facsimile, Plaintiff has failed to demonstrate "publication by the defendant," a necessary element for a defamation claim.[6]   This argument is without merit.

---

[6]   To succeed on a claim for defamation a plaintiff must prove: (1) the defamatory character of the communication; (2) publication by the defendant; (3) its application to the plaintiff; (4) understanding by the recipient of its defamatory meaning; (5) understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm to the plaintiff; and (7) abuse of a conditionally privileged occasion.  See Davis v. Res. for Human Dev., 770 A2d 353, 357 (Pa. Super. Ct. 2001).

While the Amended Complaint does not allege with certainty that Defendants were responsible for sending the facsimile to Plaintiff's customers, such certainty is not necessary at this stage of the proceedings. Viewing the Amended Complaint in a light most favorable to Plaintiff, and accepting as true all allegations, including that only those customers who were customers of the Plaintiff during Defendant Hawkins' employment received the facsimile, it is reasonable to conclude that Defendants may have sent the facsimile to Plaintiff's former and current customers. Moreover, the Amended Complaint references additional actions by Defendants, beyond sending the facsimile, which suggest that they published defamatory statements to a third party. Paragraphs 37 and 72 state as follows:

> 37.    Defendants have in addition to sending the facsimile routinely disparaged Plaintiff and its products and have told prospective customers that Plaintiff is "going under;"

> * * * *

> 72.    Defendants [sic] false representations to customers that they are being sold Perma-Liner products when in fact customers are receiving inferior, cheaper, products is damaging to the reputation of Plaintiff.

Accordingly, the Amended Complaint contains sufficient facts to suggest that Defendants could have published the alleged defamatory remarks to a third party. Defendants' argument to the contrary must fail.[7]

### B.  Motion for a More Definite Statement

All Defendants move for a more definite statement under Federal Rule of Civil

---

[7] Defendants Hawkins, Bowman, and USSD also move to dismiss Count IX of the Amended Complaint which alleges violations of the Pennsylvania Trademark Act, 54 Pa.C.S.A. §1101, et seq. Plaintiff agrees to withdraw this Count. Accordingly, Defendant Hawkins' Motion to Dismiss Count IX and Defendants USSD and Bowman's Motion to Dismiss Count IX will be granted.

Procedure 12(e) asserting that (1) Plaintiff has failed to adequately plead which Defendants were implicated under Counts II, III, IV, V, VI, VII, VIII, and X of the Amended Complaint and that (2) Counts II, III, V, VI, VII, VIII, and X of the Amended Complaint are so vague and ambiguous that Defendants cannot prepare a response.[8]

Federal Rule of Civil Procedure 12(e) provides that if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement interposing a responsive pleading." Fed. R. Civ. P. 12(e). Motions for a more definite statement, however, are "highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." Sony BMG Music Entertainment v. Cloud, No. cv 08-1200, 2008 U.S. Dist. LEXIS 64373, at *5-6 (E.D. Pa. Aug. 21, 2008).

Plaintiff has alleged sufficient facts to place Defendants on notice of the claims against them. Plaintiff has set forth which claims are brought against which Defendant. The list of claims to which Defendants take issue are those where all or some Defendants are named. The Amended Complaint alleges facts which suggest that all four Defendants were acting in concert to promote the acts in question. Accordingly, the Amended Complaint is neither vague nor ambiguous in asserting claims against all four Defendants.

Additionally, Defendants Hawkins, Bowman, and USSD have already agreed to a preliminary injunction (Docket No. 35). Discovery has been ongoing for over a year. The

---

[8] Defendants Hawkins and Global moved for the more definite statement (Docket No. 61). Defendants USSD and Bowman joined in this Motion (Docket No. 69).

joining of Defendant Global, through the Amended Complaint, has not convoluted this suit

to the point that Defendants no longer understand the claims against them.  This Court does

not accept the advancement of this theory by Defendants.  The Motion for a More Definite

Statement will be denied.

### C.   Motion to Strike Paragraph 41 of the Amended Complaint

Finally, Defendants USSD and Bowman request the Court to strike paragraph 41 of Plaintiff's

Amended Complaint because it contains scandalous and impertinent material.  Federal Rule of Civil

Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter."  While a court possesses "considerable

discretion" in deciding a motion to strike under Rule 12(f), such motions are "not favored and

usually will be denied unless the allegations have no possible relation to the controversy and may

cause prejudice to one of the parties, or if the allegations confuse the issue."  North Penn Transfer

v. Victaulic Co., 859 F. Supp. 154, 159 (E.D. Pa. 1994).  Motions to strike shall be decided solely

on the basis of the pleadings.  Id.

Here, paragraph 41 of Plaintiff's Amended Complaint reads:

> Defendants have engaged in other deceptive business practices in
> order to unlawfully compete with Plaintiff.  These business practices
> include the diverting of business from Bowman's franchised Mr.
> Rooter plumbing business to USSD to avoid franchise fees due to the
> Mr. Rooter franchisor, and violation of state workers compensation
> and insurance laws.  These practices allow Defendants to take
> business away from Plaintiff at artificially low costs.

Amended Complaint at ¶ 41.

Plaintiff contends that this allegation is material to its claim for unfair competition under

Count VII of the Amended Complaint.  Generally, however, Pennsylvania courts have narrowly

16

construed a common law action for unfair competition to instances of trademark infringement or attempts to imitate a plaintiff's products or services.  See Regal Indus., Inc. v. Agreement Strap, Inc., No. cv 93-0209, 1994 U.S. Dist. LEXIS 10193, at * 5-6 (E.D. Pa. July 25, 1994).  While facts evidencing such circumstances are alleged in the Amended Complaint, the alleged diversion of business to avoid franchise fees does not raise product imitation or trademark concerns.

Nevertheless, this Court cannot conclude that the allegations of paragraph 41 are impertinent or immaterial to this matter.  Specifically, the allegations, if true, when read together with additional facts stated in the Amended Complaint could be material to Plaintiff's claim for tortious interference with a prospective business relation.  Assuming that Plaintiff could later demonstrate that the diversion of franchise fees was a deliberate attempt to lower Defendants' costs and thereby help convert Plaintiff's customers from the use of Plaintiff's products to those of Defendants, such allegations would support a tortious interference claim.  Based solely on this Court's review of the pleadings, the allegations in paragraph 41 are not immaterial, scandalous or impertinent, and the Motion to Strike paragraph 41 of the Amended Complaint will be denied.[9]

An appropriate order follows.

---

[9] Defendants may renew this Motion at trial if Plaintiffs do not present evidence to support the claim asserted in paragraph 41.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PERMA-LINER INDUSTRIES, INC. :  CIVIL ACTION
            :  NO. 07-3657
     Plaintiff,    :
  v.           :
            :
U.S. SEWER & DRAIN, INC., et al., :
            :
     Defendants.   :

## ORDER

   AND NOW, this 31st day of December, 2008, upon consideration of the Motion to

Dismiss the Amended Complaint and Motion for a More Definite Statement (Docket No. 7)

filed by Defendants Global Pipeline Systems, Inc. and Timothy Hawkins, and Plaintiff's response

thereto (Docket No. 85); as well as the Motion to Dismiss, Motion to Strike, and Motion for a

More Definite Statement (Docket No. 69) filed by Defendants U.S. Sewer and Drain, Inc. and

Jeremy Bowman, and Plaintiff's response thereto; and Plaintiff's Amended Complaint (Docket

No. 48), it is ORDERED as follows:

  1.  Defendants Global Pipeline Systems, Inc. and Timothy Hawkins' Motions are:

    a.  GRANTED as to the Motion to Dismiss Count IX of the Amended

      Complaint;

    b.  DENIED as to the Motions to Dismiss Counts I, III, and IV of the

      Amended Complaint; and

    c.  DENIED as to the Motion for a More Definite Statement.

18

2.      Defendants U.S. Sewer and Drain, Inc and Jeremy Bowman's Motions are:

      a.      GRANTED as to the Motion to Dismiss Count IX of the Amended Complaint;

      b.      DENIED as to the Motion to Strike Paragraph 41 of the Amended Complaint; and

      c.      DENIED as to the Motion for a More Definite Statement.


                 /s/ Joel H. Slomsky, J.
                   JOEL H. SLOMSKY, J.